## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SUSAN DRESS, individually and on behalf of all others similarly situated,<br>**Plaintiff,**<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br>**Defendant** | CIVIL ACTION<br>NO. 4:18-cv-40064 |

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT CAPITAL ONE BANK'S MOTION TO TRANSFER VENUE

**March 22, 2019**

HILLMAN, DJ

### Introduction

This is a putative class action suit brought pursuant to 28 U.S.C. § 1331(d)(2) and (6) by Susan Dress (named Plaintiff) against Capital One (Defendant). The suit is brought on behalf of Capital One consumers in the United States ("National Class") for a claim of breach of contract and breach of the covenant of good faith and fair dealing, and in Massachusetts ("Massachusetts Subclass") on a third claim alleging unfair or deceptive acts or practices violating M.G.L.A. chapter 93A §§ 2 and 9. Plaintiff claims Defendant breached their credit card contract by charging interest to her and members of the class on amounts that were paid in full before the due date, an alleged express violation of their terms.

On May 25, 2018, Defendant filed a motion to transfer this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a), when only a couple months earlier, Plaintiff's husband brought forth a nearly identical lawsuit in the Eastern District of Virginia. That case was

dismissed by the Plaintiff eleven days after it was filed and before there was any substantive action taken. Plaintiffs oppose the motion to transfer. For the reasons described below, the motion to transfer is ***granted***.

## Background

In 2009, Mrs. Dress, a citizen of Massachusetts who works and lives in the Commonwealth, opened a credit card account with Capital One, which is headquartered in McLean, Virginia in the Eastern District of Virginia. The credit card came with an annual fee and no rewards program. Sometime around 2017 and at Mrs. Dress' request, Capital One provided her with an upgraded Quicksilver Platinum MasterCard credit card with no annual fee and a rewards program. The upgraded credit card's agreement specifically prohibited the assessment of residual interest charges by promising an interest-free grace period on purchases paid off before the due date. Mrs. Dress, however, noticed that she was charged interest on all new purchases even though she had paid off her entire statement balance before the due date. Mrs. Dress claims this charge violates the credit card agreement, which specifically states that Capital One, "would not charge you interest on any new transactions . . . if you paid the total balance across all Segments of your Account in full by the due date on your statement each month." Plaintiff alleges that without notifying customers, Capital One eliminates the grace period for all new purchases if a consumer does not pay off her entire statement balance in a given month.

Plaintiff files this action on behalf of herself and the national class alleging Capital One affirmatively misrepresented and omitted in its contracts that if a consumer fails to pay off his or her entire balance by the statement due date, Capital One will revoke the interest-free grace period on all future purchases and collect residual interest. Plaintiff claims breach of contract and

breach of the covenant of good faith and fair dealing on behalf of herself and the national class. On behalf of herself and the Massachusetts subclass, Plaintiff alleges a violation of M.G.L.A. c. 93A §§ 2 and 9. Section 2 prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," and § 9 permits any consumer injured by a violation of M.G.L.A. c. 93A § 2 to bring a civil action for damages and injunctive relief. Mrs. Dress brought this action in this Court. The credit card agreement signed by Mrs. Dress contains a Virginia choice of law provision, stating that all claims asserted on behalf of a putative nationwide class will be governed by Virginia law.[1]

This action is nearly identical to the action Plaintiff's husband, David Dress, brought in the Eastern District of Virginia before this case was filed. Mr. Dress filed a putative class action lawsuit against Capital One in the Eastern District of Virginia, claiming breach of contract and breach of the implied covenant of good faith. Eleven days after filing it and after a judge was assigned to the case, Mr. Dress dismissed his complaint. Two months later and represented by the same counsel, Mrs. Dress filed her suit against Capital One alleging the same claims in a complaint nearly verbatim to that of her husband. Defendant then filed this motion to transfer, claiming the private and public factors, including allegations of forum-shopping, make the Eastern District of Virginia the more convenient and proper venue.

## **Standard of Review**

In the interest of justice and for the convenience of the parties and witnesses, a federal district court may transfer a case to a different judicial district where that case may have been brought. 28 U.S.C. § 1404(a). Section 1404(a) requires a judge "adjudicate motions for transfer

---

[1] Plaintiff disputes that Virginia law applies to all of the claims alleged.

according to an individualized, case-by-case consideration of convenience and fairness." *IMS Global Learning Consortium, Inc. v. Schools Interoperability Framework Ass'n,* 2018 WL 662479, at *2 (D. Mass. 2018) (internal quotation marks omitted). Because in either venue one party will be inconvenienced, the court must determine if a transfer is in the interest of justice by weighing the private and public factors such as "1) the plaintiff's choice of forum, 2) the relative convenience of the parties, 3) the convenience of the witnesses and the location of the documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interests at stake." *Id.*; *see Vass v. Blue Diamond Growers*, 2015 WL 2226260, at *4 (D. Mass. 2015). The party seeking transfer holds the burden of proof. *See Vass,* 2015 WL 2226260, at *4.

## Discussion

Personal jurisdiction exists over a corporation where it has its principal place of business, and Capital One's headquarters are in the Eastern District of Virginia. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). It is undisputed that jurisdiction in either the Eastern District of Virginia or the District of Massachusetts is proper. Therefore, the court must consider the private and public interest factors to determine if transfer is appropriate, and will promote the convenience of the parties and witnesses and serve the interest of justice. *See Vass*, 2015 WL 2226260, at *4.

There is a strong presumption in favor of the plaintiff's choice of forum. *See IMS Global Learning Consortium, Inc.*, 2018 WL 662479, at *2. As a Massachusetts citizen and resident, Plaintiff has a legitimate interest in litigating her claims in her home district. In putative class action suits, however, the plaintiff's choice of forum deserves considerably less weight. *See Johnson v. N.Y. Life Ins. Co.*, 2013 WL 1003432, at *3 ("The court recognizes that generally,

4

there is a strong presumption in favor of plaintiffs' choice of forum. However, the weight

accorded to a plaintiff's choice of forum varies with the circumstances of the case. A plaintiff's

choice of forum is less significant, for example, in the context of class actions." (citations

omitted) (internal quotation marks omitted)). Though Mrs. Dress is a Massachusetts resident, she

filed this suit on behalf of herself and all others similarly situated throughout the United States,

in addition to a Massachusetts subclass. Therefore, Plaintiff's choice of forum is given

considerably less weight because she brings a putative class action suit on behalf of persons

across the country. *Cf. Vass,* 2015 WL 2226260, at *6 (denying a motion to transfer to California

from Massachusetts in part because plaintiff brought a class action suit limited only to

Massachusetts residents).

Another factor to consider is the convenience and location of the parties, material

witnesses, and documents. *See Rosenthal v. Unum Group*, 2018 WL 1250483, at *2 (D. Mass.

2018). Here, Plaintiff, one of potentially many witnesses nationwide, resides in Massachusetts,

and Defendant's headquarters are in the Eastern District of Virginia. Plaintiff contends that since

Capital One previously litigated small claims cases in Massachusetts, litigating in this district is

not inconvenient. However, Defendant asserts that no material witnesses in this case reside in

Massachusetts.

The court must also consider the financial burden that transfer may impose on either

party. *See Sigros v. Walt Disney World Co.*, 129 F.Supp.2d 56, 71 (D. Mass. 2001) ("The

balance of convenience focuses on the comparative financial abilities of the parties and the cost

of litigation should be borne by the party in the best position to absorb and spread it."). Here,

Mrs. Dress asserts she is a woman of modest means and less able to absorb the costs and

difficulty of litigating in a distant forum. On the other hand, Capital One is a multi-national

corporation which can more easily bear the cost of litigation in Massachusetts, as it has done in small claims cases in the past. *See Sigros*, 129 F.Supp.2d at 71. This factor favors the Plaintiff.

"The convenience of witnesses is an extremely important, if not the most important, factor to be analyzed in determining whether to change a litigation's venue." *Vass*, 2015 WL 2226260, at *5 (quoting *Gemini Investors, Inc. v. Ameripark, Inc.*, 542 F.Supp.2d 119, 126 (D. Mass. 2018) (internal quotation marks omitted)). The court must consider the number of potential witnesses located in either district, the nature and quality of their testimony, and whether or not the witnesses can be compelled to testify. *Id.* Most, or all, of Defendant's relevant witnesses are Capital One employees located in the Eastern District of Virginia. Defendant states that no relevant Capital One employees live in Massachusetts. In fact, Defendant asserts that Mrs. Dress is the only relevant witness from Massachusetts. Even though this factor favors the Defendant, the court must also consider whether the employees can be compelled to testify. "If, however, a court order or the persuasion of an employer who is a party to the action can secure the appearance of witnesses regardless of the location of forum, that factor diminishes in importance." *See, e.g., Sigros*, 129 F.Supp.2d at 71 (D. Mass. 2001) (stating the Disney Company can procure the appearance of their employees in a Massachusetts court); *Boateng v. General Dynamics Corp.*, 460 F.Supp.2d 270, 277 (D. Mass 2006) ("Convenience of the witnesses does not support transfer, because although a majority of the expected witnesses reside in North Carolina, virtually all of them are employed by the defendants, and defendants can therefore readily produce their appearance in Massachusetts."). Here, Capital One can surely secure the appearance of their employees. Even though the ability of a company to procure witnesses diminishes the weight of this factor, the quantity of Capital One employees to testify favors the Defendant.

Defendant argues that the Eastern District of Virginia is more convenient because that is where the essential documents to this case are located and where the policies and practices at issue were developed and implemented. Because advances in technology allow documents to be sent electronically, however, the rationale behind this factor is dated. *See Rosenthal,* 2018 WL 1250483, at 3 (D. Mass 2018) ("However, because of the general mobility of documents, this factor is not a significant one in determining a motion to transfer venue."). The location of material documents is not a significant factor either way in determining a motion to transfer venue.

Plaintiff's counsel work in or near the Eastern District of Virginia's Alexandria Division or in the nearby District of Columbia. Defendant argues that such proximity is evidence that the case's center of gravity is in the Eastern District of Virginia, and therefore the case should be transferred. The convenience of counsel is not a factor in determining whether to transfer a case; the location of counsel is irrelevant and improper for consideration in determining the question of transfer of venue. *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) ("The word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)."); *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue."). As such, the location of counsel is not a factor in a motion to transfer venue and cannot be used as evidence that a venue is more proper than another.

The court must also consider public interest factors such as the interest of a state to resolve litigation related to its laws and the congestions of both proposed courts. *Bowen v. Elanes N.H. Holdings, LLC*, 166 F.Supp.3d 104, 107-08 (D. Mass 2015). Public interest factors,

however, will rarely defeat a motion to transfer. *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. Of Tex.*, 571 U.S. 49, 64 (2013).

Both parties contest whether the choice of law provision stating that all claims asserted on behalf of a putative nationwide class will arise under Virginia law applies to only the credit card agreement or whether it also includes the monthly statements. Each state has an interest in regulating the businesses within its borders. *See Rosenthal*, 2018 WL 1250483, at *2 (D. Mass. 2018). The Eastern District of Virginia is better suited to determine whether the choice of law agreement is binding only on the account agreement or if Virginia law governs the entire relationship between the parties. This issue was previously presented in *Karmaloop, Inc. v. ODW Logistics, Inc.*, where the court transferred a choice of law provision case from Massachusetts to Ohio because, "Ohio courts are better equipped to apply Ohio law because they are more 'at home with the law that must govern the action.'" 931 F. Supp. 2d 288, 291 (D. Mass 2013). Much like *Karmaloop, Inc.*, the courts in Virginia are better equipped to define the scope of this Virginia choice of law provision.[2]

Central to this case is the accusation that Plaintiff forum and judge shopped. This is a significant factor to weigh considering § 1404(a) was designed to "remedy the evils of forum-shopping." *Torres v. S.S. Rosario*, 125 F.Supp.496, 497 (S.D.N.Y. 1954). Forum shopping occurs "when a litigant selects a forum with only a slight connection to the factual circumstances of his action, or where forum shopping alone motivated the choice." *EMC Corp. v. Parallel Iron,*

---

[2] Another public factor the court should consider is the relative congestion of both courts' caseloads, *see Bowen*, 116 F.Supp.3d at 107 (D. Mass 2015) (stating the court must consider the "practical difficulties of unnecessarily imposing upon a busy court obligation to hear a case more fairly adjudicated elsewhere."), however the relative congestion of a court's docket is entitled to little weight. *See Goya Foods Inc. v. Oy,* 959 F.Supp.2d 206, 219 (D.P.R. 2013) (finding the docket congestion factor was entitled to little weight).

*LLC*, 914 F.Supp.2d 125, 128 (D. Mass 2012). Where it appears the plaintiff forum shopped, plaintiff's selection of forum is not entitled to any weight. *See Group-A Autosports, Inc. v. Billman*, 2014 WL 3500468, at *4 (D. Mass. 2014). However, plaintiff's choice of forum will not be considered forum shopping where there are connections between the facts of the case and the chosen forum. *See Dealtime.com v. McNulty,* 123 F.Supp.2d 750, 759 (S.D.N.Y 2000) (stating there was no improper forum-shopping because the most relevant events took place in New York).

Mrs. Dress is connected to her choice of forum because she lives and works in Massachusetts. Suspicion of forum shopping arose because Mrs. Dress' husband, Mr. Dress, filed a putative class-action lawsuit against Capital One in the Eastern District of Virginia claiming breach of contract and breach of the implied covenant of good faith, in which Mrs. Dress was mentioned in averment as a Capital One cardholder. Mr. Dress dismissed his complaint on March 26, 2018, eleven days after filing it and before there was any substantial action by the Eastern District of Virginia. On May 2, 2018, Mrs. Dress filed her suit against Capital One alleging the same claims in a complaint nearly verbatim to her husband's. Additionally, both Mr. and Mrs. Dress are represented by the same counsel. Where there is such suspicion of forum shopping, the plaintiff's choice of forum does not have the same weight. *See Johnson*, 2013 WL 1003432, at *3 ("In addition, where, as here, the same counsel has filed class actions asserting the same federal claim in two different districts, and the second claim was filed after the federal claim was dismissed in the first-filed case, the usual weight given to the plaintiff's choice of forum is not justified. Rather, to give it such weight would abet a form of forum shopping that should not be encouraged."). This Court can consider the factual circumstances basing the allegations of forum-shopping in determining the weight to give

9

Plaintiff's choice of forum without ruling that Plaintiff did in fact forum shop. *See Flood v. Carlson Restaurants, Inc.*, 94 F.Supp.3d 572, 576 (S.D.N.Y. 2015) ("[T]he more it appears the decision is motivated by forum shopping reasons, the less deference will be accorded to it.") (internal quotations marks omitted). After considering the facts, this factor goes in favor of the Defendant.

## Conclusion

For the reasons stated, I find that based on the convenience of the parties and material witnesses, and in the interest of justice, this matter shall be transferred to the Eastern District of Virginia. Defendant's Motion to Transfer (Docket No. 8) is hereby ***granted***.

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**